IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALEXANDER JARRETT,

      Plaintiff,

v.                                 Civil Action No. 4:25-cv-00223

AUDEMUS LLC d/b/a
GREY SERVICES,
DECORUM STAFFING LLC,
and JAMES WEBB-GLASS,

      Defendants.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, ALEXANDER JARRETT (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, AUDEMUS LLC d/b/a GREY SERVICES, DECORUM STAFFING LLC, and JAMES WEBB-GLASS (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

### <u>INTRODUCTION</u>

1. This is an action by Plaintiff against his former employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. and breach of contract under Texas law.

## JURISDICTION

2. This Court has jurisdiction to hear the merits of Plaintiff's overtime claim pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b). This Court has supplemental jurisdiction to hear the merits of Plaintiff's state-law claim under 28 U.S.C. § 1367, because these claims arise under the same operative facts as Plaintiff's federal claims.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. 1391(b)(2) because Defendant JAMES WEBB-GLASS resides in Harris County, Texas, the principal offices for Defendants AUDEMUS LLC d/b/a GREY SERVICES and DECORUM STAFFING LLC are located in Harris County, Texas, and a substantial part of the events giving rise to this matter occurred in Harris County, Texas.

## THE PARTIES

4. Plaintiff ALEXANDER JARRETT is an individual residing in Harris County, Texas.

5. Plaintiff ALEXANDER JARRETT was employed by Defendants from June 30, 2024 until October 13, 2024 as a security guard whose primary duties

included observing and reporting suspicious activities at the Aspire Apartments in Houston, Texas at the regular rate of $18.00 per hour.

6.      Defendant AUDEMUS LLC d/b/a GREY SERVICES is a limited liability company formed and existing under the laws of the state of Texas.

7.      Defendant AUDEMUS LLC d/b/a GREY SERVICES is a company that provides investigative services and security consulting to commercial businesses and is an employer as defined by 29 U.S.C. § 203(d).

8.      Defendant AUDEMUS LLC d/b/a GREY SERVICES has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.      Defendant DECORUM STAFFING LLC is a limited liability company formed and existing under the laws of the state of Texas.

10.     Defendant DECORUM STAFFING LLC is a company that contracts with Defendant AUDEMUS LLC d/b/a GREY SERVICES to provide Defendant AUDEMUS, LLC d/b/a GREY SERVICES with security guard employees and is an employer as defined by 29 U.S.C. § 203(d).

11.     Defendant JAMES WEBB-GLASS is an individual residing in Harris County, Texas.

12.     Defendant JAMES WEBB-GLASS is an individual who at all times

relevant to this matter acted directly or indirectly in the interest of Defendants AUDEMUS LLC d/b/a GREY SERVICES and DECORUM STAFFING LLC in relationship to Plaintiff. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

13.   Defendant JAMES WEBB-GLASS (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Defendant JAMES WEBB-GLASS personally supervised Plaintiff and determined his rate of pay and job duties. Defendant JAMES WEBB-GLASS was directly responsible for the handling and approval of payroll for Defendants AUDEMUS LLC d/b/a GREY SERVICES and DECORUM STAFFING LLC.

14.   At all times material to this complaint, Defendants AUDEMUS LLC d/b/a GREY SERVICES and DECORUM STAFFING LLC employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15.   At all times material to this Complaint, Defendants were the employers of Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA.

17. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek. For example, during Plaintiff's employment with Defendants, Plaintiff was required to work overtime hours for which he was not properly compensated.

18. Defendants had knowledge of and approved such work being performed by Plaintiff.

19. Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

20. As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

21. Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

22.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

23.     Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## UNDER THE FAIR LABOR STANDARDS ACT

24.     Plaintiff re-alleges and incorporates herein paragraphs 1 – 26, *supra*.

25.     Defendants have willfully failed to pay Plaintiff minimum wages. Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

27.     Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees and out of pocked expenses incurred by bringing this action

pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

### COUNT III
### BREACH OF CONTRACT

28.     Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 2 through 7 above.

29.     Plaintiff and Defendants entered into a valid and enforceable contract that was performable within one year. By this contract, the parties agreed that Defendants would make a minimum payment to Plaintiff of $18.00 per hour for each hour worked, and that Plaintiff would accept such payment in exchange for Plaintiff performing work on behalf of Defendants.

30.     Plaintiff fully performed his contractual obligations. Defendants breached the contract by failing to pay Plaintiff any wages for the work he performed between October 1, 2024 and October 13, 2024. More specifically, Plaintiff worked at least 55.98 hours between October 1, 2024 and October 13, 2024, but has received no payment for these hours worked.

31.     Defendants' breach has caused injury to Plaintiff resulting in actual damages.

WHEREFORE, Plaintiff ALEXANDER JARRETT demands Judgment against Defendants AUDEMUS LLC d/b/a GREY SERVICES, DECORUM STAFFING LLC, and JAMES WEBB-GLASS for the following:

a.    Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment, moratory interest as provided by law,

c.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS SCALISE BEELER AND PILLISCHER**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**Charles L. Scalise**
Texas Bar No. 24064621
**ATTORNEYS FOR PLAINTIFF**