Case 4:25-cv-00223   Document 10   Filed on 03/31/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEXANDER JARRETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-00223 |
| § | |
| AUDEMUS LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the defendants', Audemus LLC ("Audemus") and James Webb-Glass, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 8). The plaintiff, Alexander Jarrett, has filed a response to the defendant's motion (Dkt. No. 9). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motion should be **DENIED** .

### II.  CONTENTIONS OF THE PARTIES

Jarrett alleges in his complaint that he was employed by Audemus as a security guard between June 30, 2024, and October 13, 2024. He alleges that he was supervised in his role by Webb-Glass who possessed the power to hire, fire, determine pay, and schedule employees on behalf of Audemus. Jarret alleges during this period on one or more weeks he worked in excess of forty hours per week and was not paid overtime in violation of the Fair Labor Standards Act ("FLSA"). He further alleges that Audemus willfully failed to pay him minimum wages in accordance with the FLSA. Finally, Jarrett alleges that Audemus's actions breached a contract

between the parties when he was not paid for work performed between October 1, 2024, and October 13, 2024.

The defendants argue in their motion to dismiss that the Court lacks subject matter jurisdiction because Jarrett's federal law claims should be dismissed contending that he was an independent contractor and, therefore, cannot establish a FLSA claim. Jarrett argues that his complaint plainly states a FLSA claim and, therefore, establishes the Court's federal question jurisdiction over this case. Jarrett argues, alternatively, that if the Court converts the defendants' Federal Rule of Civil Procedure 12(b)(1) motion to a Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim he should be given leave to amend his complaint.

## III. STANDARD OF REVIEW

### a. Determining the standard of review

Where factual findings regarding subject matter jurisdiction are intertwined with the merits of the plaintiff's claims, the Court must determine whether the standard of review under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) applies to a motion to dismiss. *Poretto v. City of Galveston Park Bd. of Trustees*, 113 F.4th 469, 489 (2024). A federal cause of action should not be dismissed for lack of subject matter jurisdiction "'unless the alleged claim is immaterial or is wholly insubstantial and frivolous.'" *Id*. (quoting *Clark v. Tarrant County*, 798 F.2d 736, 741–42 (5th Cir. 1986). A federal cause of action is wholly insubstantial or frivolous only where it has no plausible foundation or is clearly foreclosed by a Supreme Court decision. *Id*. (citation omitted). Conversely,

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district

>court. . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

*Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir. 1981).

In this case, Jarrett has alleged two federal causes of action in the form of FLSA claims. The allegations of Jarret's complaint establish that his FLSA claims are neither insubstantial nor frivolous to his complaint. The defendants challenge to the Court's jurisdiction is, by their own admission, a challenge to the merits of Jarrett's FLSA claims. The defendants have not shown that Jarrett's FLSA claims have no plausible foundation or are foreclosed by Supreme Court precedent. Thus, the Court reviews the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### b. Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the

complaint and to those documents attached to a defendant's motion to dismiss only to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### IV.     ANALYSIS & DISCUSSION

As the Court determined above, the defendants' motion to dismiss will be analyzed under Federal Rule of Civil Procedure 12(b)(6). The Court will not review the exhibits offered by the defendants because none of them are attached to or referred to by Jarrett's complaint. The defendants offered no argument on Jarrett's state law breach of contract claim; thus, it is not before the Court.

#### a. FLSA Violations

The FLSA requires that employers pay employees a statutory minimum wage. 29 U.S.C. § 206(a). The FLSA also requires that an employer pay covered employees at least one- and one-half times their normal wage rate for hours they work in excess of 40 hours per week. 29 U.S.C. § 207. An employer who violates either of these provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The defendants' sole argument in opposition to both of Jarrett's FLSA claims is that Jarrett was not an employee of Audemus.

The FLSA defines an "employee" as "any individual employed by an employer" and broadly defines "to employ" to include "to suffer or permit to work." 29 U.S.C. § 203(e)(1); 29 U.S.C. § 203. The titles of 'employee' or 'independent contractor' "have been specifically rejected as determinants of who is protected by the FLSA." *Parrish v. Premier Directional Drilling, LP*, 917 F.3d 369, 379 (5th Cir. 2019) (citation omitted). To determine whether an individual is an

employee within the meaning of the FLSA courts in the Fifth Circuit turn to five non-exhaustive factors, known as the *Silk* factors: "'degree of control, opportunities for profit or loss, investment in facilities, permanency of relation, and skill required in the claimed independent operation.'" *Id.* at 381 (quoting *United States v. Silk,* 331 U.S. 704 716 (1947) (cleaned up). This test is "very fact dependent." *Id.* at 379 (citations omitted). The Court must ultimately determine whether an individual is "economically dependent" on the business or is "as a matter of economic reality, in business for himself." *Id.* (citations omitted).

In this case, Jarrett alleges that Webb-Glass, on behalf of Audemus, supervised his work; had the power to hire and fire him; determined his pay and duties; controlled his work schedule; dictated the conditions of his employment; and, maintained his employment records. Considering those factual allegations under the *Silk* factors, Jarrett has plausibly alleged in his complaint that he was economically dependent on Audemus and not in business for himself. Thus, Jarrett has alleged that he was an employee of Audemus within the meaning of the FLSA. Hence, Jarrett has stated claims for violations of the FLSA.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED on March 31, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge